945 F.2d 418
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Victoriano S. CAIMOL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3297.
 United States Court of Appeals, Federal Circuit.
 Sept. 25, 1991.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Victoriano S. Caimol seeks review of the March 20, 1991, Opinion and Order of the Merit Systems Protection Board (Board), No. SE08318910731, which sustained the Office of Personnel Management's decision denying his application for an annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). A party seeking entitlement to a retirement annuity must prove (1) that the party has at least 5 years of creditable civilian service and (2) that one of the last 2 years of service prior to separation was in a position covered by the CSRA. See 5 U.S.C. § 8333(a) and (b).
 
 
 3
 The Board found that, although Caimol had 20 years of federal service, all but about 9 months was excluded from coverage under the CSRA. Caimol argues in his brief that the Board incorrectly decided or failed to take into account relevant facts because he completed the required 5 years and that retirement deductions were withheld from his pay. However, Caimol neither presents evidence in his brief nor points to evidence in the record to support his assertions. On review of the record, we see no evidence that retirement deductions were ever taken from his pay.
 
 
 4
 Caimol bears the burden of producing evidence to support his annuity claim, see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987), a burden Caimol has not met here. Under these circumstances, we conclude that the Board's findings were supported by substantial evidence.